IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN GUTIERREZ,

    Plaintiff,

v.                                                                     CIV 14-0099 KBM/CG

CORRECTIONAL HEALTHCARE
COMPANIES, INC., JOHN/JANE DOE
MEDICAL STAFF 1-7, WARDEN
RAMON RUSTIN, JOHN/JANE DOE
CORRECTIONAL OFFICERS 1-10,

    Defendants.

## ORDER ON OPPOSED MOTION TO CHANGE TRIAL LISTING TO STATUS CONFERENCE

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion to Change Trial Listing to Status Conference (*Doc. 45*), filed November 21, 2014. Having reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that the motion is well-taken and will be granted.

In this motion Plaintiff asks the Court to vacate the Jury Trial presently set for May 11, 2015, and to hold a status conference on that same day to set a new trial date. As grounds, he contends that this is a "highly complex civil rights case" and that adherence to the existing trial date would deprive Plaintiff of necessary discovery. *Doc. 45* at 3. Plaintiff explains that over half of the 180-day discovery period has been consumed with adding additional defendants and waiting for their document production. *Id.* at 4-5. Moreover, he submits that he

advised the Court at the initial scheduling conference that the 180-day discovery period was unrealistically short for this particular case. *Id.* at 4. Plaintiff represents that at a recent status conference, "Magistrate Judge Garza was not opposed to extending the discovery deadline *per se*, but was concerned that any extension would infringe on the May 11, 2015 trial setting." *Id.* at 3.

In response, Defendant Correctional Healthcare Companies ("CHC") contends that Plaintiff has had sufficient time to conduct discovery and that vacating the trial date is unwarranted. *Doc. 52* at 2. Additionally, it argues that it will be prejudiced by delaying trial, because of the fading memories of witnesses and additional costs and attorneys' fees. Id.

The Court concludes that Plaintiff's need for additional time to complete discovery outweighs any prejudice to Defendant CHC, particularly where just over a year has elapsed since the incidents alleged in the Amended Complaint. Therefore, the Court will grant Plaintiff's motion, vacate the trial, and set a telephonic status conference for Monday, May 11, 2015, at 2:00 p.m., at which time the parties should be prepared to discuss the resetting of the trial date.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE