IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN GUTIERREZ,

    Plaintiff,

v.                                                                     CIV 14-0099 KBM/CG

CORRECTIONAL HEALTHCARE
COMPANIES, INC., JOHN/JANE DOE
MEDICAL STAFF 1-7, WARDEN
RAMON RUSTIN, JOHN/JANE DOE
CORRECTIONAL OFFICERS 1-10,

    Defendants.

## **ORDER**

**THIS MATTER** comes before the Court on its *sua sponte* reconsideration of Plaintiff's Opposed Motion to Change Trial Listing to Status Conference (*Doc. 45*), filed November 21, 2014. After entering its December 22, 2014 Order, which granted Plaintiff's Motion, the Court became aware that it had inadvertently overlooked Defendant Rustin's Response in Opposition to Plaintiff's Opposed Motion to Change Trial Listing to Status Conference (*Doc. 54*), filed December 8, 2014. As a result, the Court has examined this response and performed further analysis of Plaintiff's request to vacate the trial date. Having reconsidered the motion and Defendant Rustin's response, as well as the relevant authorities, the Court finds that the trial date should remain vacated.

In his motion, Plaintiff asks the Court to vacate the Jury Trial presently set for May 11, 2015, and to hold a status conference on that same day to set a new

trial date.  As grounds, he contends that this is a "highly complex civil rights case" and that adherence to the existing trial date would deprive Plaintiff of necessary discovery.  *Doc. 45* at 3.  Plaintiff explains that over half of the 180-day discovery period has been consumed with adding additional defendants and waiting for their document production.  *Id.* at 4-5.  Moreover, he submits that he advised the Court at the initial scheduling conference that the 180-day discovery period was unrealistically short for this particular case.  *Id.* at 4.  Plaintiff represents that at a recent status conference, "Magistrate Judge Garza was not opposed to extending the discovery deadline *per se*, but was concerned that any extension would infringe on the May 11, 2015 trial setting." *Id.* at 3.

In response, Defendant Rustin contends that Plaintiff has "stalled" discovery by:  (1) not seeking to depose witnesses, even though Defendant Rustin agreed to make them available and identified potential witnesses; (2) not responding to Defendant Rustin's discovery requests, requiring Defendant Rustin to file a motion to compel to gain compliance; and (3) failing to comply with a number of discovery deadlines set forth in the original Scheduling Order. *Doc. 54* at 4.  More particularly, Defendant Rustin explains that Plaintiff, though he asserts he has retained two experts, did not request an extension of the deadline for designating expert witnesses until after the expiration of the deadline.  *Id.* at 3.  Plaintiff's failure to meet certain deadlines, to provide discovery responses to Defendant Rustin, and to request deposition dates for specific witnesses suggests some level of dilatoriness on the part of Plaintiff and his counsel and does give the Court pause before granting the pending motion to

2

vacate. The Court notes, however, that Judge Garza is in the best position to address the diligence or lack of diligence exhibited by the parties throughout discovery in conjunction with the pending discovery motions.

Significantly, Defendant Rustin agrees that discovery must be extended in this case. *Doc. 54* at 5. While he submits that "[t]here is still room in the schedule, with the extension of certain deadlines, to allow this Court and the parties to prepare for trial on May 11, 2015," the Court is not similarly convinced. Considering the posture of this case as it stands today, the Court is concerned that after the extension of discovery and corresponding pre-trial deadlines, insufficient time will remain for the Court to satisfy its own pretrial obligations, such as deciding the parties' pretrial motions in advance of trial. The Court notes that the District will, with the retirement of Judge Scott, once again face a shortage of Magistrate Judges at the time these dispositive motions are ripe for decision.

As a result, the Court concludes that the parties' need for additional time to complete discovery and the Court's own interest in managing its docket outweighs any prejudice to Defendants, particularly where just over a year has elapsed since the incidents alleged in the Amended Complaint. Therefore, the Court will grant Plaintiff's motion, vacate the trial, and set a telephonic status conference for Monday, May 11, 2015, at 2:00 p.m., at which time the parties should be prepared to discuss the resetting of the trial date.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE